UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN EUBANKS,

             Petitioner,

- against -

UNITED STATES OF AMERICA,

             Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/08

**OPINION AND ORDER**

97 Civ. 3891 (PKL)
S7 92 Cr. 392 (PKL)

**Appearances**

JOHN EUBANKS, #31776-054
U.S.P. Canaan, Unit E-1
P.O. Box 300
Waymart, PA 18472

*Pro Se* Petitioner

MICHAEL J. GARCIA, ESQ.
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
John J. O'Donnell, Esq.

Attorney for United States

**LEISURE, District Judge:**

John Eubanks ("Eubanks" or "Petitioner") submits this *pro se* motion, pursuant to Federal Rule of Civil Procedure 60(b)(6), to vacate the Court's judgment in his prior petition which challenged his sentence under 28 U.S.C. § 2255. Eubanks also petitions for a writ of *audita querela*, an order reducing his sentence pursuant to a writ of error *coram nobis*, and moves for resentencing under Federal Rule of Criminal Procedure 36. For the reasons set forth below, Petitioner's motions are DENIED. Additionally, the Court deems Petitioner ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2) notwithstanding the retroactive 2007 amendments to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") for offenses involving cocaine base ("crack").

## Background

The underlying facts of this case have been laid out in great detail by this Court. See, e.g., Eubanks v. United States, 11 F. Supp. 2d. 455, 458-60 (S.D.N.Y. 1998) (Leisure, J.); United States v. Eubanks, Nos. S7 92 Cr. 392, 96 Civ. 9225, 1997 WL 401667, at *1-2 (S.D.N.Y. July 16, 1997) (Leisure, J.). The Court assumes familiarity with these decisions and only provides a brief summary of the facts and protracted procedural history.

On December 11, 1992, a jury found Petitioner guilty of one count of conspiracy to distribute crack, in violation of

1

Sections 846 and 841(b)(1)(A) of Title 21, United States Code, and one count of possession with intent to distribute crack in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B). On February 1, 1994, this Court sentenced Eubanks to life imprisonment on the conspiracy count and to a concurrent forty-year term of imprisonment on the possession count. In a Summary Order entered December 8, 1994, the United States Court of Appeals for the Second Circuit affirmed Petitioner's conviction.

On November 25, 1996, Petitioner filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, which this Court denied. See Eubanks, 1997 WL 401667. On April 11, 2001, the Second Circuit affirmed the denial by Summary Order.

On May 28, 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, seeking collateral review of his conviction. This Court denied that petition on August 11, 1998. See Eubanks, 11 F. Supp. 2d at 464-65. On August 10, 2000, the Second Circuit denied Petitioner's application for a certificate of appealability. Petitioner then filed an application for leave to file a second or successive § 2255 petition following the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Second Circuit denied Petitioner's motion by Order dated August 6, 2001.

On September 27, 2002, Petitioner filed a motion to vacate the judgment of denial of his § 2255 motion pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6). Then, on June 18, 2004, he filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). This Court denied both motions by Opinion and Order dated August 11, 2005. Eubanks v. United States, Nos. S7 92 Cr. 392, 97 Civ. 3891, 2005 WL 1949474 (S.D.N.Y. Aug. 11, 2005) (Leisure, J.).

Petitioner filed the instant motion on September 20, 2007, once again seeking to vacate judgment of denial of his § 2255 petition. In his reply papers submitted on June 19, 2008, Petitioner added subsequent motions seeking a writ of *audita querela*, reduction of sentence by a writ of error *coram nobis*, and correction of clerical error pursuant to Federal Rule of Criminal Procedure 36.[1] The Government also raises the issue of Petitioner's eligibility for a sentence reduction, to which Petitioner responds in his reply brief.

## DISCUSSION

I.  Petitioner's Rule 60(b)(6) Motion

Federal Rule of Civil Procedure 60(b)(6) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for any . . . reason that justifies relief." Fed. R.

---

[1] Though the Government has not had the chance to respond to these motions, the Court addresses them herein to avoid unnecessary future motion practice.

3

Civ. P. 60(b)(6). The Second Circuit has interpreted Rule 60(b)(6) to justify relief only in cases presenting "extraordinary circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004) (internal quotation marks omitted); see also Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004); United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) ("[For] a second motion to vacate a final judgment . . . to succeed[,] the material offered in support of it must be highly convincing material."). Moreover,

> [W]ith or without "extraordinary circumstances," a Rule 60(b)(6) motion to reopen a habeas proceeding that attacks the underlying criminal conviction but not the initial habeas proceeding must either be (i) treated as "a second or successive" habeas petition, or (ii) denied "as beyond the scope of Rule 60(b)."

Harris, 367 F.3d at 81 n.5 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

Petitioner argues that a decision made by another Court in this District supports his own 60(b)(6) motion to vacate judgment of denial of his § 2255 petition. See Cook v. United States, Nos. 89 Cr. 346, 03 Civ. 7922, 2006 WL 3333068 (S.D.N.Y. Nov. 15, 2006). At sentencing, the Court there had found that the "defendant could reasonably foresee the distribution of future amounts of heroin and knew or should reasonably have known what the past quantities distributed by the organizations were at the time he entered the conspiracy." Id. at *3. Upon

4

deciding Cook's § 2255 motion, the Court concluded that Amendment 503 to the Guidelines clarifies the operation of section 1B1.3 so that "a defendant may not be held responsible for his co-conspirators' conduct before he joined the conspiracy, even if he knew about that conduct." Id. Because Cook's appellate counsel failed to raise Amendment 503 on appeal, Cook was entitled to vacatur of his sentence and resentencing. Id. at *11.

Here, Petitioner argues that he was also held responsible for amounts of crack distributed before his involvement in the conspiracy. He claims that 24.9 kilograms of crack were sold prior to his becoming a leader in the organization. (Petr.'s Mot. at 5.) Petitioner contends that his § 2255 petition asserting ineffective appellate counsel suffered because the Court did not consider whether counsel should have argued on appeal that Amendment 503 was applicable. This argument is a veiled attempt to attack the underlying conviction. Accordingly, Petitioner's motion should be denied as beyond the scope of Rule 60(b)(6). See Harris, 367 F.3d at 81 n.5.

Assuming, *arguendo*, that Petitioner's motion was a proper use of the Rule 60(b)(6) mechanism, the motion would fail nonetheless. While the petitioner in Cook was sentenced, in part, for quantities of drugs distributed before he joined the conspiracy, Cook, 2006 WL 3333068, at *3, Petitioner here was

5

not held accountable for any drugs prior to when he joined the conspiracy. Petitioner's sentence was based on an abundance on evidence, including: (1) the testimony of Cynthia Sales, who worked directly for Petitioner packaging and delivering crack; (2) incriminating drug records seized from the homes of other members of the Organization that contain Petitioner's nickname; (3) the testimony of an undercover agent; (4) videotapes of Petitioner receiving drug proceeds, a firearm, and ammunition from co-conspirators; and (5) audiotapes in which other members of the Organization directly implicate Petitioner in the conspiracy. Eubanks, 11 F. Supp. 2d at 461 n.7. Specifically, the timeframe that Petitioner was found to be involved with the conspiracy was confirmed by the Presentence Investigation Report ("PSR"), which states that "[a]s early as 1988," Petitioner was buying cocaine, cooking it into crack, and selling it along with several other people (PSR ¶ 53), and that in 1990, Kevin Spann, a co-conspirator's brother-in-law, returned home from prison and went to work with Petitioner. (Id.) Therefore, at sentencing, this Court determined that findings of Petitioner's "involvement within the organization" were "amply supported by the evidence at the time of trial." (Sent. Tr. at 22.)

When Petitioner claimed in his § 2255 petition that counsel failed to challenge the amount of drugs for which he was held accountable, this Court determined that "[i]n fact, counsel

6

challenged the amount of drugs attributable to Eubanks and the Court rejected that argument. To challenge the Court's decision further would have been futile and failure to do so did not render Eubanks's counsel ineffective." Eubanks, 11 F. Supp. 2d at 464 (internal citation omitted). Similarly, here, appellate counsel could not have been ineffective in deciding not to pursue a futile argument. The "extraordinary circumstances" needed to grant the present Rule 60(b)(6) motion do not exist; thus, the motion is denied.

II. The 2007 Amendments to the Sentencing Guidelines

In its opposition papers, the Government raises the potential for a reduction of Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the recent retroactive amendments to the Guidelines for offenses involving crack. These amendments reduce by two points the base offense levels corresponding to the crack quantity ranges under § 2D1.1(c). See U.S.S.G. App. C., Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c). The amended Guidelines range is determined by substituting the amended provisions of § 2D1.1(c) and "leav[ing] all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Moreover, the Guidelines authorize a sentence reduction only if the retroactive application of the amendment would result in a lower Guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).

7

Here, the retroactive amendment dictates that for an offense involving 26.1 kilograms of crack, Petitioner's base offense level is 38. See U.S.S.G. § 2D1.1(c)(1). The three enhancements on Petitioner's sentence remain unaffected. First, because Petitioner used a firearm in connection with the conspiracy, two levels were added under U.S.S.G. § 2D1.1(b)(1). Second, four levels were added pursuant to U.S.S.G. § 3B1.1(a) because Petitioner was a leader of a criminal activity involving five or more participants. Third, two levels were added because Petitioner obstructed the administration of justice by lying during his testimony at trial. U.S.S.G. § 3C1.1. Taking the 2007 amendments into account, Petitioner's total offense level would be 46. Under the Guidelines, any total offense level above 43 yields life imprisonment. Because the retroactive application of the amendment in Petitioner's case does not result in a lower guidelines range, he is not eligible for a reduction.[2] See U.S.S.G. § 1B1.10(a)(2)(B).

III. Petitioner's Other Motions

Petitioner submits a petition for a writ of *audita querela*. *Audita querela* is a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Black's Law

---

[2] Petitioner contends that if Cook were to be taken into account, the level of crack he would be held responsible for would be less than 26.1 kilograms. However, Cook has been deemed inapplicable.

8

Dictionary 141 (8th ed. 2004). "Though formally abolished in civil cases, see Fed. R. Civ. P. 60(b), the writs of error coram nobis and audita querela remain available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (Newman, J.). The Second Circuit has indicated that a writ of *audita querela* "might be deemed available if [its] existence [was] necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244. . . ." Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997); see also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie."). Petitioner does not show any potential constitutional error that might require a writ of *audita querela*. All avenues of collateral attack are plainly not foreclosed, as evidenced by Petitioner's many prior motions to this Court, including the instant motion pursuant to Rule 60(b)(6). Additionally, "nothing has occurred subsequent to the conviction that remotely creates a legal objection to the conviction, such as might be redressable by a writ of audita querela." LaPlante, 57 F.3d at 253. Petitioner cites to the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), claiming that "this ruling occurred subsequently to the

9

petitioner's sentence that remotely creates a legal objection to the sentence, and should be redressable by a Writ of Audita Querela." (Petr.'s Reply at 8.) As the Court in Richter explained, however, "'Booker does not apply retroactively to cases on collateral review,'" and "[t]here is, therefore, no colorable claim of a constitutional violation. . . ." 510 F.3d at 104 (quoting Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005)). A writ of *audita querela* is thus unavailable to Petitioner.

Petitioner seeks an order reducing his life sentence pursuant to a writ of error *coram nobis* to prevent a manifest injustice. "*Coram nobis* is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005). *Coram nobis* relief is made available to those who can "demonstrate continuing legal consequences of the petitioner's conviction," meaning they "must show a concrete threat of serious harm." Id.; see also LaPlante, 57 F.3d at 253 ("Coram nobis is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence."). "The proceedings leading to the petitioner's conviction are presumed to be correct, and 'the burden rests on the accused to

10

show otherwise.'" Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996) (quoting United States v. Morgan, 346 U.S. 502, 512, (1954)). Because Petitioner is currently serving his sentence, and has not indicated a concrete threat of serious harm from any legal consequences of his conviction, *coram nobis* cannot be granted. Further, Petitioner argues that the writ of error *coram nobis* "provides the only available remedy for Petitioner," (Petr.'s Reply at 16), yet he brings this motion along with a number of other motions seeking relief.

Finally, Petitioner argues he is entitled to resentencing pursuant to Federal Rule of Criminal Procedure 36, which states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Petitioner claims that the Court should have imposed a mandatory term of supervised release under U.S.S.G. § 5D1.1(a). At sentencing, this Court followed "the recommendation of the Probation Department of not imposing supervised release because of the life imprisonment." (Sent. Tr. at 80.) Accordingly, there was no clerical error, oversight, or omission.

11

## CONCLUSION

For the above-stated reasons, Petitioner's motions are DENIED. Further, Petitioner is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2).

**SO ORDERED**
**New York, New York**

August **7**, 2008

_____
U.S.D.J.

A copy of this Opinion and Order has been mailed to:

John Eubanks, #31776-054
U.S.P. Canaan, Unit E-1
P.O. Box 300
Waymart, PA 18472

John J. O'Donnell, Esq.
Assistant United States Attorney
Southern District of New York
One Saint Andrews Plaza
New York, NY 10007

*Pro Se* Office
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007