USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BOWMAN,

           Petitioner,

- against -

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM ORDER**

92 Cr. 392 (PKL)

**LEISURE, District Judge:**

    John Bowman ("Bowman" or "petitioner"), pro se, moves this Court to reconsider its June 24, 2009 denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). Bowman contends that the Court overlooked controlling decisions and facts in denying his petition, namely Amendment 706 of the retroactive 2007 amendments to the United States Sentencing Guidelines (the "Guidelines") for offenses involving cocaine base ("crack cocaine"). For the reasons stated below, petitioner's motion for reconsideration is DENIED.

### BACKGROUND

    The facts underlying Bowman's conviction have been laid out in detail in this Court's prior decisions. See Bowman v. United States, 629 F. Supp. 2d 318 (S.D.N.Y. 2009) (Leisure, J.); United States v. Bowman, No. 92 Cr. 392, 1999 WL 413459 (S.D.N.Y. June 21, 1999) (Leisure, J.); Eubanks v. United States, 11 F. Supp. 2d 455 (S.D.N.Y. 1998) (Leisure, J.); United States v. Eubanks, Nos. S7 92 Cr. 392, 96 Civ. 9225, 1997 WL 401667 (S.D.N.Y. July 16, 1997)

1

(Leisure, J.).[1] Accordingly, the Court only provides a brief recitation of those facts germane to the instant motion.

On December 11, 1992, a jury convicted Bowman of distribution of and possession with intent to distribute approximately 26.1 kilograms of crack cocaine, and aiding and abetting the same, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. See Eubanks, 11 F. Supp. 2d at 458. This Court sentenced Bowman to life imprisonment and ten years of supervised release. Id. In a Summary Order entered December 8, 1994, the United States Court of Appeals for the Second Circuit affirmed Bowman's conviction. Id. at 459. Subsequently, by an Opinion and Order dated August 11, 1998, this Court considered and rejected Bowman's contentions that (i) the Court improperly enhanced his sentence for obstruction of justice and managerial role, (ii) the Court improperly increased Bowman's sentence due to his prior felony convictions, and (iii) Bowman should be resentenced pursuant to Amendment 505 to the Guidelines, which took effect on November 1, 1994. See id. at 461. In 2008, Bowman again moved to reduce his sentence pursuant to the 2007 amendments to the Guidelines for offenses involving crack cocaine. See Bowman, 629 F. Supp. 2d at 318; see also 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (2008). This motion was denied by a Memorandum Order dated June 24, 2009, upon finding the amendments inapplicable to Bowman's sentence. Bowman, 629 F. Supp. 2d at 319. Bowman now moves this Court to reconsider its denial of his motion for a reduced sentence.[2]

---

[1] Pursuant to the Second Circuit's concerns in Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009) (per curiam), copies of all cases citing to electronic databases have been appended to the copy of this Memorandum Order and sent to petitioner.

[2] The government does not submit a formal brief in response to Bowman's motion for reconsideration. (See Gov't's Ltr. to Court, 12/29/09, appended to this Memorandum Order.)

2

Bowman contends "that the court failed to take into account several significant facts and legal precedents when it denied his 18 U.S.C. 3582(c)(2) petition [per]taining to his amendment 706 arg[u]ment." (Petr.'s Mot. Recons. 1.) First, "Bowman contends that this court and other district courts failed to consider the ex post facto question of law presented in his case." (Id. 2 (citing Stogner v. California, 539 U.S. 607, 123 S. Ct. 2446, 156 L. Ed. 2d 544 (2003) and Miller v. Florida, 482 U.S. 423, 107 S. Ct. 2446, 96 L. Ed. 2d 351 (1987) in support of the proposition that "every[] law that changes the punishment and inflicts a greater punishment violates [e]x post [f]acto [l]aws").) Bowman argues that "[t]o hold [him] in excess of 4.5 kilograms of crack cocaine is a violation of the ex post facto principles." (Id.)

Second, Bowman maintains that "Amendment 505 that became effective on November 1, 1994, capped the base offense level for all drug offenses at 38 for offenses involving 1.5 kilograms or more of crack." (Id.) He then states that, taking the 2007 amendments, namely Amendment 706, into account, "should lead to a base offense level of 36." (Id.) Bowman then concludes that, in light of these amendments, his "total offense level would be 43," yielding a sentence with "a bottom range of 360 month[s]." (Id.)

## DISCUSSION

The Court begins by addressing the standard of review applicable to motions for reconsideration. Next, the Court analyzes the relevant provisions of the Guidelines and the amendments thereto. The Court then applies the law to Bowman's sentence and determines that he is ineligible for a sentence reduction.

I. Standard of Review

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (Leisure, J.)). On a motion for reconsideration, the movant may not relitigate issues already decided by the Court, but rather must demonstrate that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) (citation and internal quotation marks omitted); see also Muyet v. United States, Nos. 03 Civ. 4247, 95 Cr. 941, 2009 WL 2568430, at *2–3 (S.D.N.Y. Aug. 19, 2009) (Leisure, J.); United States v. Regalado, No. 96 Cr. 505, 2009 WL 1953414, at *3 (S.D.N.Y. July 7, 2009) (Leisure, J.). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Cordero v. Astrue, 574 F. Supp. 2d 373, 379–80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted)).

II. U.S. Sentencing Guidelines

Section 3582 of Title 18 of the U.S. Code permits a court to "reduce the term of imprisonment" if it was imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This statute provides a limited exception to the general principle that "'[a] district court may not generally modify a term of imprisonment once it has been imposed.'" United States v. Delileon, No. 09 Cr. 80,

4

2009 WL 3765845, at *1 (2d Cir. Nov. 12, 2009) (quoting Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam)). To determine "whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted," the Court must substitute the amended provisions of Section 2D1.1(c) of the Guidelines and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

On November 1, 2007, Amendment 706 to the Guidelines took effect, increasing from 1.5 to 4.5 kilograms the minimum quantity of crack cocaine that would place an offender at a base offense level of 38. See U.S.S.G. supp. to app. C, amend. 706 (effective Nov. 1, 2007) ("Section 2D1.1(c)(1) is amended by striking '1.5 KG or more of Cocaine Base' and inserting '4.5 KG or more of Cocaine Base'."); U.S.S.G. § 2D1.1(c)(1) (indicating that "4.5 KG or more of Cocaine Base" corresponds to a base offense level of 38). Amendment 706, however, does not reduce a sentence of an offender responsible for distributing more than 4.5 kilograms of crack cocaine because the applicable base offense level remains at 38. See U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."); Id. § 1B1.10(c) (listing Amendment 706 as a covered amendment); Delileon, 2009 WL 3765845, at *1 (holding that Section 3582(c)(2)'s increase of the minimum level of crack cocaine from 1.5 to 4.5 kilograms "had no bearing" on defendant, who was found responsible for distributing "more than 50 times the new minimum quantity" of crack cocaine); see also Bowman, 629 F. Supp. 2d at 319–20 (collecting cases). The U.S. Sentencing Commission explicitly decided to make the retroactive legislation inapplicable to offenders responsible for distributing 4.5 kilograms or more of crack

cocaine. See U.S.S.G. § 2D1.1 cmt. 10(D)(ii)(I) ("The 2-level reduction . . . shall not apply in a case in which . . . the offense involved 4.5 kg or more . . . of cocaine base.").

III. Application

Bowman's motion for reconsideration is denied because he points to no legal or factual matters that the Court overlooked in its previous decision. The Court's June 24, 2009 decision, which Bowman asks the Court to reconsider, directly focused on Amendment 706 in denying Bowman's motion for a reduced sentence under Section 3582(c)(2). See Bowman, 629 F. Supp. 2d at 319–20. The Court found that the sentence reductions pursuant to Amendment 706 do not apply because Bowman's conviction, which involved approximately 26.1 kilograms of crack cocaine, "exceeded 4.5 kilograms" and, therefore, did not lower his sentencing range. Id. Nevertheless, Bowman attempts to relitigate the same argument without raising any intervening change in controlling law, new evidence, or clear error in the Court's prior decision. See Cordero, 574 F. Supp. 2d at 379–80. To the extent that Bowman raises anything new at all, he does so erroneously. Bowman mistakenly argues that the 2007 amendments should reduce his base offense level to 36 and his total offense level to 43, resulting in "a bottom range of 360 month[s]." (Petr.'s Mot. Recons. 2.) As already discussed, because Bowman's offense involved more than 4.5 kilograms of crack cocaine, his base offense level is 38, not 36. See U.S.S.G. § 2D1.1(c)(1) (indicating that "4.5 KG or more of Cocaine Base" corresponds to a base offense level of 38). But, even if Bowman's base offense level was reduced to 36 and his total offense level was reduced to 43, as he contends, he still would be ineligible for a sentence reduction because a total offense level of 43 or higher results in a life sentence, not 360 months. See U.S.S.G. ch. 5, pt. A, Sentencing Table (indicating that an offense level of 43 amounts to a life

sentence regardless of an individual's criminal history category). Thus, after stripping away Bowman's mistaken conclusions, his own request would not make him eligible for a sentence reduction because his "term of imprisonment [is not] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Bowman's ex post facto argument also is misguided. Bowman contends that this Court "failed to consider the ex post facto question of law presented in his case" and that to maintain his sentence for an "excess of 4.5 kilograms of crack cocaine is a violation of the ex post facto principles." (Petr.'s Mot. Recons. 2.) Bowman's ex post facto argument fails because the relevant provisions of the 2007 amendments to the Guidelines do not affect the length of Bowman's sentence. "The heart of the Ex Post Facto Clause, U.S. Const., Art. I, § 9[, cl. 3], bars application of a law 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" Johnson v. United States, 529 U.S. 694, 699, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000) (italics omitted) (quoting Calder v. Bull, 3 U.S. 386, 390, 3 Dall. 386, 1 L. Ed. 648 (1798)). To prevail on an ex post facto challenge to a sentence, Bowman "must show both that the law he challenges operates retroactively . . . and that it raises the penalty from whatever the law provided when he acted." Id.; see also Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997) ("To fall within the ex post facto prohibition, a law must be retrospective . . . and it must disadvantage the offender affected by it by . . . increasing the punishment for the crime." (italics, citations, and internal quotation marks omitted)). Bowman does not, and cannot, show that the relevant amendments to the Guidelines, namely Amendment 706, "raise[] the penalty from whatever the law provided when he acted." Johnson, 529 U.S. at 699. On the contrary, Bowman argues that Amendment 706 reduces his sentence. Likewise, Bowman cannot show that failure to apply Amendment 706 raises his

punishment because, with or without Amendment 706, his sentence remains unchanged. Therefore, to the extent that this Court "failed to consider [an] ex post facto question of law," the Court holds that no colorable ex post facto issue exists.

For the foregoing reasons, petitioner's motion for reconsideration of the Court's June 24, 2009 denial of his motion for a reduced sentence is denied.

## CONCLUSION

Because petitioner does not point to any legal or factual matters that the Court overlooked in its June 24, 2009 decision and because his offense involves more than 4.5 kilograms of crack cocaine, he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, petitioner's motion for reconsideration is DENIED.

**SO ORDERED.**

New York, New York
February 22, 2010

*[signature]*

U.S.D.J.

Copies of this Memorandum Order have been sent to:

John Bowman (31528-054)
U.S.P. Canaan
P.O. Box 300
Waymart, PA  18472

Natalie Lamarque
Assistant U.S. Attorney
Southern District of New York

Pro Se Office
Southern District of New York

8