UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BOWMAN
    Petitioner,

-vs-

UNITED STATES OF AMERICA,
    Respondent.

92 Cr. 392(LAP)

(Lorretta A. Preska J.)

## MOTION TO FILE A 28 U.S.C. 2241 UNDER SAVING CLAUSE REQUIREMENT IN 28 U.S.C. 2255(e)

PROCEDURAL HISTORY I

    AND NOW, Here Comes, Petitioner John Bowman, who avers the following on or about July 14, 1993 Honorable Judge Peter K. Leisure sentence Petitioner to Life on Count One: 21 U.S.C. 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. & 2. Petitioner follow under his previous challenge of 28 U.S.C. 2241. See(Bowman v. United States, 2017 U.S. Dist. Lexis 196676 No. 3:17-cv-1362 MD PA. Nov. 30, 2017)(Lack Jurisdiction). Now Petitioner establish he is actual innocent of the 220.31 Fifth Degree Criminal Sale. See(US v. Townsend, 2018 BL 259775 2d Cir. 17-757-Cr 7/23/18). Which the facts are also simple he cannot meet 2255(h)(1) or (2) requirements. See(Triestman v. United States, 124 F.3d 361; 1997 U.S. App. Lexis 22752 No. 96-2563 2d Cir. Aug. 28, 1997) (Felker v. Turpin, 135 L.Ed 2d 827, 116 S.Ct. 2333(1996). Now in order to challenge a conviction and sentence in a 2241 petition, a defendant must prove that a 2255 motion is inadequate or ineffective by showing both: 1) that he is actually innocent of the crime and 2) that he had no prior opportunity to bring the challenge to his conviction. Petitioner applys these factors to a new ruling which came down that was not avail-

able on his first 2255. See(Mathis v. United States,(No. 15-6092)(S.Ct. June 23, 2016) and See(US v. Townsend, 2018 BL 259775 2d 17-757-Cr, 7/23/18)(220.31 5th Degree Criminal Sale) See(US v. Davis, 873 F.3d 343; 2017 U.S. App. Lexis 19864 1st Cir. Oct. 11, 2017)(footnote 2 is in relation to why both these statue are identical 220.31 and 220.39). Also See(Hylton v. Sessions,(No. 17-1567-ag)(2nd Cir. July 20, 2018)(Sale of Marijuana in the Third Degree ineligible for cancellation).

Petitioner now will turn to Sentencing Hearing on July 14, 1993 when the trial counsel further argue at (A. 121-22) counsel took the position that the two offenses, within a fews blocks of each other and several months a part, amounted to a continuing crime, and suggested that they were both for cocaine sales rather than for heroin and cocaine, respectively.(A. 122-23). The fact government rely on (A. 15-126) to show Petitioner was under 4B1.2 and 21 U.S.C. 851(c)(2).

At this point Petitioner would meet the requirement to follow under other circuit which come forth with this saving clause approach. See(Lester v. Flournoy, Warden,(No. 13-6956)(4th Cir. Nov. 30, 2018) (Pointing to Wheeler, 886 F.3d 415(4th Cir. 2018) See(Hill v. Masters, 836 F.3d 591(6th Cir. 2016)(Pre-Booker) See(Brown v. Caraway, 719 F.3d 583, 588(7th Cir. 2013) See(Dhinsa v. Krueger, 238 F. Supp. 3d 421; 2017 U.S. Dist. Lexis 29805 12-cv-4176(ERK) ED NY March 2, 2017)(28 U.S.C. 2241 is met).

Petitioner clearly will follow in turn to prove the saving clause requirement is the vehicle to why his sentence and conviction should be Reverse and Remand. See(Exhibit (A)).

Wherefore Mr. Bowman prays Honorable Judge Preska should **Grant** Petitioner 28 U.S.C. 2241 Petition under saving clause requirement. See (Pending Disposition US v. Valentine, 18-2643 2d Cir. Nov. 15, 2018).

Date: Dec. 12, 2018                                          Respectfully Submitted,


*[signature: John Bowman]*
John Bowman #31528-054
FCI Allenwood Med.
P.O. Box. 2000
White Deer, PA. 17887

## CONCLUSION II

Mr. Bowman ask Honorable Judge Preska to agree that his prior conviction under Attempted Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of sections 110 and 220.31 of the New York Penal Law. See(US v. Townsend) which now strike down mandatory Life Sentence under 28 U.S.C. 851 and Career Offender 4B1.1 Guidelines. Therefore under this approach Petitioner further apply US v. Gardner, 20 F. Supp. 3d 468; 2014 U.S. Dist. Lexis 69022 07 Cr. 1229(JSR) S.D. NY. May 20, 2014)(Gardner was sentence under One to One Ratio Crack Disparity 3.6 Koligrams of Crack change to 3.6 Kilograms of Cocaine) Petitioner further will turn to his drug amount under relevant conduct at Trial Term which equal up to 26.1 Kilograms of Crack or Under Jointly Undertaken Activity amount 6.7 Kilograms of Crack which now will be applied under One to One Ratio now each drug amount will be change to <u>26.1 Kilograms</u> of Cocaine <u>Base Offense 32</u> plus 7 level enhancement that equal <u>39 Cat. III 324-405 months</u> and <u>6.7 Kilograms</u> of Cocaine <u>Base Offense 30</u> plus 7 level enhancement that equal <u>37 Cat. III 262-327 months</u>.

3

## CERTIFICATE OF SERVICE

I, John Bowman duly affirm under the penalty of perjury that on the <u>12</u> December, 2018, I Mailed a true and exact copy of the foregoing Motion to the US Attorney for the Southern District of New York by placing same with prison officials, with postage prepaid for the mailing,

VIA MAIL
Robert Sobelman, ESQ
Assistant United States Attorney
1 St Andrew's Plaza
New York, New York 10007

Date: Dec. 12, 2018                                     X _John Bowman_
                                                        John Bowman Pro-Se

NOV-12-1992 17:48 FROM U.S.ATTY.OFFICE TO 92333210 P.02

TMS:Gjs UG625/1

A92

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA        :

    - v -                         :   PRIOR FELONY INFORMATION

JOHN BOWMAN, a/k/a "J.B.",      :   S7 92 Cr. 392 (PKL)

              Defendant.   :

------------------------------------- x

        The United States Attorney charges:

        On or about June 28, 1988, in the Supreme Court of New York, New York, JOHN BOWMAN, a/k/a "J.B.", the defendant, was convicted upon a plea of guilty of a felony under the New York Penal Law relating to narcotic drugs, namely, attempted criminal sale of a controlled substance in the third degree, in violation of Sections 110 and 220.39 of the New York Penal Law for which he received a sentence of a term of probation of 5 years, and for which on October 5, 1988, he was resentenced to a term of imprisonment of six months.

        On or about October 5, 1988, in the Supreme Court of New York, New York, JOHN BOWMAN, a/k/a "J.B.", the defendant, was convicted upon a plea of guilty of a felony under the New York Penal Law relating to narcotic drugs, namely, attempted criminal sale of a controlled substance in the fifth degree, in violation of Sections 110 and 220.31 of the New York Penal Law for which he received a sentence of a term of imprisonment of 18 months to 3 years.

- 1 -

AO 240 (Rev. 6/86) Application to Proceed

# United States District Court

_____ DISTRICT OF _____

John Bowman

v.

United States of America

APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER

CASE NUMBER: 92-Cr-00392-Laps
11 Civ. 9072(LAP)

I, John Bowman, declare that I am the (check appropriate box)

- [x] petitioner/plaintiff
- [ ] respondent/defendant
- [ ] movant (filing 28 U.S.C. 2255 motion)
- [x] other  Motion to file 2241(c)(3) under Saving Clause

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application, I answer the following questions.

1. Are you presently employed?  Yes ☐  No ☒
   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

   b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received. 1992 Empire Messenger Service Fulton St. N.Y. $300.00

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or other form of self-employment  Yes ☐  No ☒
   b. Rent payments, interest or dividends?  Yes ☐  No ☒
   c. Pensions, annuities or life insurance payments?  Yes ☐  No ☒
   d. Gifts or inheritances?  Yes ☐  No ☒
   e. Any other sources?  Yes ☐  No ☒

AO 240 Reverse

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

3. Do you own any cash, or do you have money in checking or savings accounts?
   Yes ☐   No ☑   (Include any funds in prison accounts.)
   If the answer is "yes," state the total value of the items owned.

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?
   Yes ☐   No ☑
   If the answer is "yes," describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

   Dajon Griffids my son

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12-10-18
                (Date)

John Bowman
John Bowman
Signature of Applicant

John Bowman