

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

November 22, 2019

BY ECF

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

      Re:      <u>United States v. John Bowman</u>, 1:92-cr-00392-LAP-8

Dear Judge Preska:

      We write on behalf of defendant John Bowman in response to the Government's November 11, 2019 opposition to Mr. Bowman's motion for a sentence reduction under Section 404 of the First Step Act of 2018 (the "Opposition").  The Government chiefly argues that Mr. Bowman is statutorily ineligible for resentencing under the First Step Act because, although the statutory penalties for his offense of conviction were modified by the Fair Sentencing Act of 2010, his offense conduct involved more than 280 grams of cocaine base.  This argument has been rejected by numerous courts in this district and circuit, and should be rejected here.  Mr. Bowman is eligible for resentencing under the First Step Act, and in light of the 18 U.S.C. § 3553(a) factors, respectfully requests that this Court resentence him to time served.

### I.    Mr. Bowman is Eligible for Resentencing

      As the Government concedes, numerous courts have rejected its argument about Mr. Bowman's eligibility for resentencing.  Opp. at 3 (citing cases).  Indeed, consistent with the Probation Department's determination in Mr. Bowman's Supplemental Presentence Report, "nearly every court to address the issue" agrees that the First Step Act applies to offenses, not conduct.  *United States v. Martinez*, No. 04-CR-48-20 (JSR), 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) (resentencing defendant whose offense conduct involved more than *150 kilograms* of crack); *see also United States v. White*, No. 99-CR-628-04, 2019 WL 3228335, at *2 n.1 (S.D. Tex. July 17, 2019) (citing cases).  Mr. Bowman is eligible for resentencing because the penalties associated with his statute of conviction were among those modified by the Fair Sentencing Act.  Tying relief under the First Step Act to drug quantity limits eligibility only to those defendants responsible for offenses involving more than 50 grams but less than 280 grams of crack cocaine, or more than 5 grams but less than 28 grams of crack cocaine.[1]  This narrow

---

1. Some courts have observed that if the Government's reading of the First Step Act were accurate, *no* defendants would be eligible for relief—this cannot be Congress's intent in passing the First Step Act.  *United States v.*

construction contravenes the remedial purpose of the statute to have courts take a second look at the sentences for those defendants sentenced prior to the Fair Sentencing Act. *White*, 2019 WL 3719006, at *15; *United States v. Allen*, 384 F.Supp.3d 238, 242 (D. Conn. 2019).

Furthermore, if eligibility for resentencing under the First Step Act were based on a defendant's underlying conduct, courts would be required to speculate about how a defendant would have been charged had the law been different, and how that hypothetical charge would have affected plea negotiations, trial, and sentencing. Numerous courts have rejected this approach on the basis that "a hypothetical assessment of how a defendant might have been charged and how a finding of guilt would have come about is fraught with conjecture and reflects an approach that is contrary to the sound administration of justice." *United States v. Thompson*, No. 1:05CR42, 2019 WL 4040403, at *7 (W.D. Pa. Aug. 27, 2019); *see also United States v. Martin*, No. 03-CR-795 (ERK), 2019 WL 2571148, at *4 (E.D.N.Y. June 20, 2019); *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019). This Court should similarly decline to engage in such an unfair, speculative exercise.

This straightforward reading of the statute does not introduce any irrational sentencing disparities. While the First Step Act keys *eligibility* for a resentencing to modified statutory penalties in the charge of conviction, it vests courts with broad discretion to set that reduced sentence, going so far as to permit reductions in sentence *sua sponte*. First Step Act § 404(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). This Court can appropriately consider, for example, that today Mr. Bowman would face a sentence of between five and forty years because he is no longer subject to the prior felony enhancements that raised his minimum sentence to life imprisonment. *See* Sentencing Mem. 14–15. Similarly, this Court may weigh the considerable trial penalty Mr. Bowman suffered—a penalty without which he would have faced a minimum sentence of just ten years. Sentencing Mem. 21–22.

The Government's argument about *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013) misses the point.[2] The question is not whether these decisions compel retroactive application of the Fair Sentencing Act—the First Step Act does that. Rather, the point is that "Congress legislates in the context provided by constitutional principles," and Mr. Bowman's mere eligibility to be considered for a sentence reduction should not be based on a judicial finding of drug quantity and speculation about how he would have been charged if the law been different. *Allen*, 384 F.Supp.3d at 243; *see also White*, 2019 WL 3719006 ("extend[ing] eligibility for a discretionary sentence reduction . . . does not require application of the *Apprendi/Alleyne* rule and does not strip a court of discretion either to reduce, or decline to reduce, a defendant's sentence, based on that offense conduct"). As other courts

---

*Rose*, 379 F. Supp. 3d 223, 229 n.3 (S.D.N.Y. 2019); *United States v. White*, Cr. No. 93-97 (BAH), 2019 WL 3719006 *14 (D.D.C. Aug. 6, 2019).

2. The cases cited by the Government on this point are irrelevant. In *United States v. Potts*, 2:98-cr-14010, 2019 WL 1059837 (S.D. Fla. Mar. 6, 2019), the court considered *Apprendi* and *Alleyne* only in the context of the defendant's request for plenary resentencing under the First Step Act; while it denied that request, it still ruled that he was eligible for a discretionary resentencing. The court in *United States v. Lawson*, 1:03CR398, 2019 WL 1959490 (May 2, 2019), similarly declined to engage in plenary resentencing; it did not address *Apprendi* or *Alleyne* at all. The court in *United States v. Davis* also did not address *Apprendi* or *Alleyne*, but did note that "it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." *Davis*, 07-CR-245S, 2019 WL 1054554 at *2 (W.D.N.Y. Mar. 6, 2019).

have recognized, this argument rests on a "misplaced equivalency with sentence reductions under 18 U.S.C. § 3582(c)(2)"—those at issue in *Dillon v. United States,* 560 U.S. 817 (2010)—and the "broader grand of authority" contained in the First Step Act. *Dodd*, 372 F. Supp. 3d at 797–798 (S.D. Iowa 2019). Though not applicable retroactively on collateral review, *Apprendi* and *Alleyne* are binding for sentencings held today. *Id*.

To determine Mr. Bowman's eligibility for resentencing, this Court should look to his offense of conviction—conspiracy to distribute 50 grams or more of crack cocaine—the statutory penalty for which was modified by the Fair Sentencing Act.

## II.   This Court Should Sentence Mr. Bowman to Time Served.

The Government agrees that this Court may appropriately consider the 18 U.S.C. § 3553(a) factors and Mr. Bowman's post-conviction conduct in deciding how to exercise its discretion. Assuming that its *ex parte* submission deals with the specific cases of Mr. Bowman's codefendants, the undisputed fact remains that this Court modified the sentence of a person more culpable than Bowman, and a contrary result here would be unjust.

Nor does the Government make any serious arguments regarding Mr. Bowman's likely sentence if convicted today or his post-conviction conduct. As explained more fully in the Sentencing Memorandum, the Fair Sentencing Act reduced Mr. Bowman's statutory minimum sentence to ten years. Under additional First Step Act amendments, which are not retroactively applicable, he would face no enhanced statutory minimum.

Mr. Bowman's recent post-conviction conduct amply demonstrates that further punishment is not necessary to adequately punish him or deter him from future crimes. The Government concedes that his last serious infraction occurred more than ten years ago—in 2009. Having lost out on more than half of his life, Mr. Bowman fully understands what is at stake if he were to reoffend after his release. He has a strong work and educational history while incarcerated, plans to find employment, and a family ready to welcome him home.

## III.   Ministerial Matters

The Government's requested ten-day delay in the event that Mr. Bowman is granted release is unnecessarily long. The reasons given for the delay—to ensure that the defendant has appropriate living arrangements upon release and to allow the Bureau of Prisons to follow necessary procedures in sex offense cases—are inapplicable. Mr. Bowman is not and has never been a sex offender. He has multiple family members with whom he can stay and, if released, he plans to live with his sister Aquanetta who has invited him to do so. *See* Sentencing Mem. 6. Because Mr. Bowman may be subject to notification under 18 U.S.C. § 4042(B), a period of five days is sufficient. The Bureau of Prisons should be given five days to carry out any necessary procedures before releasing Mr. Bowman should this Court resentence him to time served.

Respectfully submitted,

s/ Marc A. Weinstein

Marc A. Weinstein