USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1-29-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOHN BOWMAN,

      Defendant.

92 Cr. 392 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is Mr. Bowman's motion for resentencing pursuant to Section 404 of the First Step Act.

  On October 29, 1992, the defendant was charged in a superseding indictment with conspiracy to distribute 50 grams or more of crack cocaine from in or about September 1990 up to and including in or about June 1992, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(A). A jury convicted the defendant of that offense on December 11, 2012.

  As described in the original Presentence Report ("PSR"), the testimony established at trial, and the Court's findings at the defendant's July 14, 1993 sentencing confirmed, that the defendant was a lieutenant of a drug trafficking organization that sold approximately 26.1 kilograms of crack cocaine in Manhattan and the Bronx. PSR ¶ 70; Dkt. 458-19, Sent. Tr. 23. Physical evidence presented at trial included thousands of vials of crack cocaine, cocaine powder, extensive notebooks and records of narcotics processing and sales, bundles of cash, and

1

numerous firearms and ammunition that were used in the conspiracy. See Eubanks v. United States, 1997 WL 401667 at *2 (S.D.N.Y. 1997). Furthermore, a cooperating witness ("CW") testified that prior to the defendant's trial, the defendant threatened to physically harm CW if CW testified at trial. PSR ¶ 71.

Based on these facts, the Court concluded that the base offense level was 42; that a 3-point enhancement applied for the defendant's leadership role; that a 2-point enhancement applied due to the use of firearms in connection with the conspiracy; and that a 2-point enhancement was warranted due to the defendant's obstruction of justice, yielding a total offense level of 49. Dkt. 458-19, Sent Tr. at 23, 28, 31, 33. At Criminal History Category VI, the defendant's then Guidelines range was life imprisonment. PSR at 30. In addition, the defendant faced a mandatory minimum sentence of life imprisonment based on (1) his conviction for an offense involving 50 grams or more of crack cocaine, and (2) the filing of a prior felony information pursuant to 21 U.S.C. § 851 alleging two prior felony narcotics convictions.

Judge Leisure sentenced the defendant to life imprisonment. The Court of Appeals affirmed Bowman's conviction by Summary Order dated December 8, 1994. Eubanks, 1997 WL 401667 at *1.

In addition to the instant petition, Bowman has filed several other petitions for postconviction relief.

Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) (the "FSA"), in response to years of experience demonstrating that the statutory penalties for crack cocaine offenses were overly harsh. Most significantly, the FSA reflected Congress' response to criticism from the U.S. Sentencing Commission that the 100-to-1 crack to-powder sentencing ratio, under which Mr. Bowman was sentenced, was too high and unjustified. See Dorsey v. United States, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses from 100-to-1 to 18-to-1 and increased the drug weight required to trigger a mandatory minimum. It increased the amount of crack cocaine required to trigger a ten-year mandatory minimum from 50 grams to 280 grams and the amount of crack cocaine required to trigger a five-year mandatory minimum from 5 grams to 28 grams. FSA § 2 (2010). These increased drug weights apply equally to defendants subject to enhanced mandatory minimums because of prior felony convictions. Section 3 eliminated mandatory minimum sentences for simple possession of crack cocaine. Id. at § 3. The FSA did not apply retroactively but applies to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Dorsey, 567 U.S.

3

at 281.  The First Step Act makes Sections 2 and 3 of the FSA retroactive and grants judges the authority to impose reduced sentences on any person serving a sentence for a "covered offense" if the sentence was imposed prior to the Fair Sentencing Act.  First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (the "First Step Act"). Specifically, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b).  A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act §404(a).  This relief is discretionary and is not available if the sentence was previously imposed or reduced in accordance with the FSA or if a previous motion under the First Step Act was denied after a review of the motion on the merits.  First Step Act § 404(c).

As the Probation Department already found, Mr. Bowman is eligible for relief.  (Supp. PSR4 at 2.)  First, Mr. Bowman is eligible because he was convicted of a "covered offense."  He was convicted after trial of charges that he conspired to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846 and sentenced

on July 14, 1993. Judgment in a Criminal Case, July 15, 1992 (Ex. 19). The penalty for that offense was reduced by Section 2 of the FSA from 10 years to life to 5 to 40 years. For Mr. Bowman, who has two prior convictions for a felony drug offense under 21 U.S.C. § 851, Section 2 of the FSA reduced the mandatory minimum sentence from life in prison to ten years. Second, Mr. Bowman's current sentence was not imposed in accordance with the amendments in Sections 2 and 3 of the FSA; this Amended Motion for relief under the First Step Act is his first and has never been reviewed on the merits.

The Government argues that eligibility should be determined based on the quantity of crack-cocaine for which the defendant was responsible, that is, the defendant's "violation of a Federal criminal statute." The Government acknowledges that several district courts, including in this District, have rejected this interpretation of Section 404. See, e.g., United States v. Williams, 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019); United States v. Martinez, 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019); United States v. Rose, 2019 WL 2314479, at *5 (S.D.N.Y. May 24, 2019); United States v. Stanback, 377 F. Supp. 3d 618, 623 (W.D. Va. 2019); United States v. Allen, 384 F.Supp.3d 238, 241 (D. Conn. 2019); United States v. Simons, 375 F. Supp. 3d 379, 386-87 (E.D.N.Y. 2019); United States v. Dodd, 372 F. Supp. 3d 795, 797- 99 (S.D. Iowa

2019); United States v. Pierre, 372 F. Supp. 3d 17, 22-23 (D.R.I. 2019); United States v. Pugh, 2019 WL 1331684, at *3 (N.D. Ohio Mar. 25, 2019); United States v. Glore, 371 F. Supp. 3d 524, 531-32 (E.D. Wis. 2019); United States v. Davis, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); United States v. Laguerre, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019).

The Court joins nearly every court to address the issue and bases eligibility on the offense of conviction. Here, Mr. Bowman's conviction was for conspiracy to possess with intent to distribute more than 50 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Accordingly, the Court finds that Mr. Bowman is eligible for resentencing.

In exercising its discretion as to whether or not resentence Mr. Bowman, the Court considers 18 U.S.C 3553(a) factors and Mr. Bowman's post-conviction conduct as acknowledged by all parties. Mr. Bowman undoubtedly committed a serious offense which calls for serious punishment. As in all drug offenses, general deterrence is a major factor. Here, however, one would think that the 26 years of incarceration that Mr. Bowman has served is sufficient to constitute general deterrence.

The Court is persuaded that an additional period of imprisonment is not required to protect the public from other crimes by this defendant. The Court notes that Mr. Bowman was

6

subject to the career offender guidelines, USSG Section 4B1.1. The Court also notes that prior to trial the Government offered Mr. Bowman a guilty plea to the sole charge against him in the indictment without filing a prior felony information with a recommended sentence of 168-240 months, that is, 14 to 20 years -- far less than the 26 years he has served. Following Mr. Bowman's rejection of that offer, the prior felony information was filed. The Court also notes that although the presentence report discusses the use of firearms by members of the conspiracy, it does not attribute any possession or use to Mr. Bowman. (PSR ¶ 65.)

Related to this consideration is Mr. Bowman's post-conviction conduct. While he has more than a dozen disciplinary infractions over his 26 years, the Court notes that most of them occurred in 2009 and prior thereto. The only exception is a 2015 sanction for refusing to obey an order, being insolent to a staff member, and failing to follow safety regulations. The Court also notes that a July 2, 2009 incident was also concerning in that a 6-inch piece of plastic was secreted in Mr. Bowman's cell. On the other side of the scale, the Court notes that while incarcerated, Mr. Bowman taken courses in computer literacy and has trained in automotive maintenance, air conditioning, heating, electrical, and plumbing skills. He has earned many Release Preparation Program credits through courses

in subjects including interviewing and resume skills, stress and anger management, and has completed a course in OSHA construction safety. On a personal level, he has taken courses focused on discerning values, taking responsibility, and spiritual growth. In sum, Mr. Bowman has sought out development and training opportunities as long as he has been incarcerated and has been preparing for his release for many years. In addition to this training, he has been productively employed while in prison. He currently works in the chapel and has worked as a Suicide Watch Companion for the prison psychology department. The Suicide Companion Cadre has rigorous criteria for acceptance and requires training in basic suicide prevention and additional annual training. In connection with his work as a Suicide Companion, Mr. Bowman received a special monetary award for "an act which protects the lives of employees or inmates, or the property of the United States." Monetary Special Award Recommendation (Ex. 9 to dkt. no. 458). As a UNICOR employee, he participated in 5,798 hours of on-the-job training in office furniture manufacture and forklift/powered industrial truck safety. Certifications at 4 (Ex. 6 to dkt. no. 458).

Finally, the Court notes that Mr. Bowman's family fully supports him and also notes the willingness of his sisters to permit him to reside with them. Based on his training while incarcerated, Mr. Bowman intends to look for a job in

8

## CONCLUSION

Mr. Bowman's motion for resentencing [dkt. no. 458] is granted, and he is resentenced to time served plus two weeks. Mr. Bowman's prior applications [dkt nos. 412 and 441] are denied as moot.

SO ORDERED.

Dated:  New York, New York
January 29, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge